# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 31, 2008

132506

DEBORAH COMPTON,
       Plaintiff-Appellant,

v

HELEN ALEXANDRA PASS, M.D.,
JANE E. PETTINGA, M.D., and
WILLIAM BEAUMONT HOSPITAL,
       Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132506
COA: 260362
Oakland CC: 2003-048275-NH

On order of the Court, the application for leave to appeal the August 22, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and we REMAND this case to the Court of Appeals for reconsideration, in light of *Stone v Williamson*, 482 Mich 144 (2008), of whether this is a lost-opportunity case and whether the defendants are entitled to summary disposition under MCL 600.2912a(2).  On remand, the Court of Appeals shall also consider the other issues raised by the parties, but not addressed by that court during its initial review of this case, to the extent necessary to resolve this case.

MARKMAN, J. (*concurring*).

The trial court denied defendants' motion for summary disposition; but, after the close of plaintiff's proofs, granted defendants' motion for a directed verdict.  The Court of Appeals reversed the trial court's order denying defendants' motion for summary disposition and vacated the trial court's subsequent orders.  MCL 600.2912a(2) provides, in pertinent part, "In an action alleging medical malpractice, the plaintiff cannot recover for loss of an opportunity to survive or an opportunity to achieve a better result unless the opportunity was greater than 50%."  We recently addressed this provision with some considerable lack of consensus in *Stone v Williamson,* 482 Mich 144 (2008).

Plaintiff's expert testified that the decedent's premalpractice chance of not suffering from lymphedema or axillary cording was at least 97%, while her postmalpractice chance of not suffering from lymphedema was 82% and her postmalpractice chance of not suffering from axillary cording was 90%. I believe that this is a lost opportunity cause of action because "it is possible that the bad outcome would have occurred even if the patient had received proper treatment." *Stone, supra* at 218 (Markman, J., concurring in the result only). Further, utilizing the formula described in my opinion in *Stone,* plaintiff satisfies the § 2912a requirement. I would reverse the Court of Appeals, but for the fact that my opinion did not carry the day. Therefore, I must accede to the remand order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2008

_____
Clerk

d1028