# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 23, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138634 & (79)

DEBORAH COMPTON,
        Plaintiff-Appellant,

v

                                SC: 138634
                                COA: 260362
                                Oakland CC: 2003-048275-NH

HELEN ALEXANDRA PASS, M.D.,
JANE E. PETTINGA, M.D., and
WILLIAM BEAUMONT HOSPITAL,
        Defendants-Appellees.
_____/

       On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the March 5, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. The Court of Appeals erred in analyzing this case under the lost-opportunity standard set forth in MCL 600.2912a(2). The plaintiff alleges that the defendants failed to obtain her informed consent, that this breach of the standard of care caused her to undergo a more extensive medical procedure with a higher risk of morbidity than she would have knowingly elected, and that she was injured as a result. We conclude that the evidence is sufficient to allow a fact-finder to find that the alleged breach of the standard of care caused the plaintiff to suffer physical injury (including the removal of additional lymph nodes, axillary cording, and lymphedema) that more probably than not was proximately caused by the negligence of the defendants. As a result, the requirements of the first sentence of MCR 600.2912a(2) are satisfied, and this is a claim of traditional malpractice. *Stone v Williamson*, 482 Mich 144 (2008) (see the opinions of Taylor, C.J., at 147, 153; and Cavanagh, J., at 171). For these reasons, the Court of Appeals erred in ruling that the Oakland Circuit Court should have granted the defendants' motion for summary disposition. We REMAND this case to the Court of Appeals for consideration of the remaining issues raised by the parties but not previously addressed by that court.

MARKMAN, J. (*concurring*).

I concur in the order reversing the judgment of the Court of Appeals for the reasons stated in my previous concurring statement in *Compton v Pass*, 482 Mich 1038, 1039 (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 23, 2009

_____
Clerk

d1020